IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 16-cv-03197-REB

JIMMY DALE MORRIS, II,

    Plaintiff,

vs.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

## ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION

**Blackburn, J.**

The matter before me is **Defendant's Motion To Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(6)** [#13],[1] filed February 27, 2017. Plaintiff has submitted a response to the motion ([#15], filed March 22, 2017). Having reviewed the motion and response and considered the apposite arguments and authorities, I find and conclude that plaintiff failed to file his appeal in the time and manner prescribed by law, and therefore his claims must be dismissed as barred by limitations.

The law is clear: "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Federal Deposit Insurance Corp. v. Meyer*, 510 U.S. 471, 475, 114 S.Ct. 996, 1000, 127 L.Ed.2d 308 (1994). Where the government has consented to be sued, the terms of its consent define the boundaries of

---

[1] "[#13]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

the court's jurisdiction. *Id.*, 114 S.Ct. at 1000. *See also United States v. Mitchell*, 463 U.S. 206, 212, 103 S.Ct. 2961, 2965, 77 L.Ed.2d 580 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.").

As applied in this context, that proscription means that any suit seeking review of a final decision of the Commissioner must be commenced within sixty days after the mailing of notice of the right to appeal.[2] *See* 42 U.S.C. §§ 405(g) & 405(h). Although this bar operates as a statute of limitations rather than a jurisdictional bar, because it is a condition on the government's waiver of sovereign immunity, it nevertheless must be strictly construed. *Bowen v. City of New York*, 476 U.S. 467, 478-79, 106 S.Ct. 2022, 2029-30, 90 L.Ed.2d 462 (1986); *Gossett v. Barnhart*, 139 Fed. Appx. 24, 25 n.1 (10th Cir. May 19, 2005), *cert. denied*, 126 S.Ct. 453 (2005); *Miles v. Colvin*, 2014 WL 2533814 at *1 (W.D. Okla. June 5, 2014).

On January 28, 2016, an Administrative Law Judge ("ALJ") issued a decision denying plaintiff's applications for disability insurance benefits and supplemental security income benefits under Titles II and XVI, respectively, of the Social Security Act. (**Def. Motion App.**, Gremillion Decl. ¶ (3)(a) at 3 & Exh. 1.) Plaintiff requested review of this decision by the Appeals Council. On September 30, 2016, the Appeals Council mailed notice to plaintiff[3] of its denial of his request for review and advising him of his

---

[2] Barring evidence to the contrary, the date of receipt is presumed to be five days after the date of notice. *See* 20 C.F.R. §§ 404.901, 416.1401, 422.210(c). *See also Gossett v. Barnhart*, 139 Fed. Appx. 24, 26 (10th Cir. May 19, 2005); *cert. denied*, 126 S.Ct. 453 (2005).

[3] The notice was sent to plaintiff at the same address reflected on this court's docket for this appeal.

right to commence a civil action "in the United States District Court for the judicial district in which you live" within 60 days of receipt of the notice. (*Id.*, Gremillion Decl. ¶ (3)(a) at 3 & Exh. 2 at 2-3.) Plaintiff's appeal thus was due to be filed in this court no later than December 5, 2016, sixty-five days from the date the notice was mailed. Because this action was not commenced until December 29, 2016, plaintiff's appeal is ostensibly untimely.

Nevertheless, the court retains discretion to equitably toll the statute of limitations in appropriate circumstances. **See United States v. Clymore**, 245 F.3d 1195, 1198 (10th Cir. 2001). By his response, plaintiff indicates he filed his appeal "in U.S. District Court , Pueblo County, CO on Nov. 15, 2016 @ 2:04 p.m. after a lengthy discussion with the Clerk and Recorder Supervisor," who "assumed me that it was the correct District to file after I read her the instructions given by the Appeals Councils [*sic*] decision." (**Plf. Resp.** at 1.) This circumstance, while unfortunate, provides no ground for tolling the statute of limitations.

"Federal courts have typically extended equitable relief only sparingly." **Irwin v. Department of Veterans Affairs**, 498 U.S. 89, 96, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1990). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." **Holland v. Florida**, 560 U.S. 631, 649, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010) (citation and internal quotation marks omitted). The Supreme Court has confirmed that equitable tolling is not appropriate unless both these elements are satisfied. **See Menominee Indian Tribe of Wisconsin v. United States**, – U.S. –, 136 S.Ct. 750, 756, 193 L.Ed.2d 652 (2016).

3

Although plaintiff's diligence cannot be faulted, his mistake in identifying the correct court in which to file does not constitute the type of extraordinary circumstance which warrants equitable tolling. Nothing actually prevented plaintiff from filing in the correct court. **See Minor v. Capdelaine**, – Fed. Appx. –, 2017 WL 460978 at * 2 (10th Cir. Feb. 3, 2017).[4] The Notice of Appeals Council Action he received plainly advised him that any appeal should be filed in United States District Court (**Def. Motion App.**, Gremillion Decl., Exh. 2), which does not maintain any facility in Pueblo. *See* U.S. District Court, District of Colorado, **District Court Locations** (available at: http://www.cod.uscourts.gov/AbouttheDistrict/DistrictCourtLocations.aspx) (last accessed April 20, 2017). Plaintiff's mistake in filing in a court that lacked jurisdiction at best constitutes excusable neglect, which the Supreme Court has found does not constitute an extraordinary circumstance. **Irwin**, 111 S.Ct. at 458. **See also Gibson v. Klinger**, 232 F.3d 799, 808 (10th Cir. 2000).[5] Consistent with those principles, federal courts generally have refused to equitably toll limitations where the plaintiff mistakenly has filed in a court lacking jurisdiction.[6] **See, e.g.**, **Chang v. Carnival Corp.**, 839 F.3d

---

[4] Although plaintiff notes that his request for counsel before the Appeal Council was denied, there is no right to counsel in administrative proceedings, **Banta v. Chater**, 1996 WL 477298 at *1 (10th Cir. Aug. 22, 1996), and the lack of legal representation is not an extraordinary circumstance warranting equitable tolling in any event, *see* **Turner v. Johnson**, 177 F.3d 390, 392 (5th Cir.), **cert. denied**, 120 S.Ct. 504 (1999).

[5] There is nothing in the record to suggest the advice allegedly provided plaintiff by someone in the state court clerk's office, while inaccurate, was intended purposefully to mislead him, **see Irwin**, 111 S.Ct. at 457; **Taylor v Colvin**, 2015 WL 1959706 at *3 (D. Kan. April 29, 2015), and it is not chargeable to the Commissioner in any event, **Gibson**, 232 F.3d at 808 (tolling appropriate "when *an adversary's* conduct . . . prevents a [plaintiff] from timely filing") (emphasis added).

[6] Although the Third Circuit once applied an equitable tolling test that allowed consideration, as a disjunctive element, of circumstances in which "the plaintiff has timely asserted his rights mistakenly in the wrong forum," **Kocian v. Getty Refining & Marketing Co.**, 707 F.2d 748, 753 (3rd Cir. 1983), the Supreme Court's recent decision in **Menominee Indian Tribe of Wisconsin** vitiates that standard.

993, 996-97 (11th Cir. 2016); **Thomas v. Ryan**, 1997 WL 33441 at *2 (5th Cir. Jan. 15, 1997); **Aris v. Hawaii**, 2013 WL 5675529 at *2-3 (D. Hawaii Oct. 17, 2013), *aff'd*, – Fed. Appx. –, 2016 WL 6576088 (9th Cir. Nov. 7, 2016); **Evans v. City of Santa Rosa**, 2000 WL 365054 at *2-3 (N.D. Cal. April 4, 2000). The same principles that underlie those decisions convince this court that it should not exercise its discretion to equitably toll limitations in this instance. Dismissal thus is required.

**THEREFORE IT IS ORDERED** as follows:

1. That **Defendant's Motion To Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(6)** [#13], filed February 27, 2017, is granted; and

2. That this appeal is dismissed for lack of jurisdiction.

Dated April 21, 2017, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge